UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAMAINE SEAY,
    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
    Defendant.
_____

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, TRAMAINE SEAY, by and through her counsel, and for her Complaint pleads as follows:

### JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

### VENUE

3. The transactions and occurrences which gave rise to this action occurred in Farmington Hills, Michigan.

4. Venue is proper in the Eastern District of Michigan.

### PARTIES

5. Plaintiff is a natural person residing in Farmington Hills, Michigan.

6. Equifax Information Services, LLC ("Equifax" or "Defendant") is a foreign limited liability company that conducts business in the State of Michigan.

## GENERAL ALLEGATIONS

7. The tradeline ("Errant Tradeline") of First Premier Bank is erroneously reporting as disputed in Plaintiff's Equifax credit file.

8. Plaintiff no longer disputes the Errant Tradeline.

9. On or about March 17, 2025, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Tradeline reporting with an erroneous dispute notation.

10. On or about March 20, 2025, Plaintiff sent a letter to Equifax stating that she no longer disputes the Errant Tradeline and wants the dispute notation removed from the tradeline.

11. Equifax received Plaintiff's letter.

12. On or about May 8, 2025, Equifax sent its dispute results to Plaintiff, which showed that Equifax failed or refused to remove the erroneous dispute notation from the Errant Tradeline.

13. Defendant's failure to remove the erroneous dispute notation make the Errant Tradeline false and misleading to any user of Plaintiff's credit report. It also damages Plaintiff by preventing her from obtaining any mortgage loan or refinancing of the same, as conventional lenders will not grant a mortgage based on a credit report that has any tradeline reported as disputed.

2

14. As a direct and proximate cause of Defendant's negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff also has suffered stress, anxiety, frustration and other forms of emotional distress due to Defendant's failure to correct the errors in her credit files or improve her financial situation by obtaining new or more favorable credit terms as a result of Defendant's violations of the FCRA. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

15. Plaintiff realleges the above paragraphs as if recited verbatim.

16. Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

17. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

18. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

19. After receiving Plaintiff's dispute of the Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

20. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff suffered stress, anxiety, frustration and other forms of emotional distress.  Plaintiff also suffered physical harms, including loss of sleep and stress headaches.

21. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

24. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

25. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

26. After receiving Plaintiff's dispute of the Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

27. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff suffered stress, anxiety, frustration and other forms of emotional distress.  Plaintiff also suffered physical harms, including loss of sleep and stress headaches.

28. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: July 15, 2025

/s/ Carl Schwartz
CARL SCHWARTZ P70335
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
27600 Farmington Road, Suite 108
Farmington Hills, MI 48334
Phone: (248) 353-2882
Fax: (248) 353-4840
Email: carl@crlam.com